UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY MAULDIN,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | No. 2:18-cv-02858 CKD<br><br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for disability benefits under Title II of the Social Security Act ("Act"). For the reasons discussed below, the undersigned will recommend that plaintiff's motion for summary judgment be granted and the Commissioner's cross-motion for summary judgment be denied.

BACKGROUND

Plaintiff, born in 1963, filed a Title II application on September 9, 2015 for disability and disability insurance benefits, alleging disability beginning February 23, 2009. Administrative Transcript ("AT") 15, 21. Plaintiff alleged he was unable to work due to neck injury, back injury, left elbow surgery, hernia surgeries, bilateral carpal tunnel surgery, right shoulder surgeries, old finger injury, and old left shoulder surgery. AT 67. In a decision dated September 29, 2017, the

ALJ determined that plaintiff was not disabled.[1]  AT 15-23.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity during the period from his alleged onset date of February 23, 2009 through his date last insured of December 31, 2014.
>
> 3. Through the date last insured, had the following severe impairments: carpal tunnel syndrome; degenerative disc disease of the cervical and lumbar spine; torn right rotator cuff; and torn right biceps tendon.
>
> 4. Through the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. Through the date last insured, the claimant had the residual functional capacity to perform light work, except the claimant can occasionally stoop, kneel, crouch, climb stairs; cannot crawl, climb ladders, or reach overhead; must avoid hazards, unprotected heights, and dangerous moving machinery; occasionally push and pull; and frequently perform handling.

6. Through the date last insured, the claimant was unable to perform any past relevant work.

7. The claimant was born on October 31, 1963 and was 51 years old, which is defined as a younger individual age 18-49, on the date last insured. The claimant subsequently changed age category to closely approaching advanced age.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the economy that the claimant could have performed.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from February 23, 2009, the alleged onset date, through December 31, 2014, the date last insured.

AT 15-23.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ improperly discounted plaintiff's subjective symptoms and limitations; (2) the ALJ improperly weighed the medical opinion evidence; and (3) the ALJ"s residual functional capacity (RFC) assessment was not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial

evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Credibility

Plaintiff asserts that the ALJ improperly discounted his testimony about his subjective symptoms and limitations.

"Claimant alleges disability due to neck, back, left elbow, bilateral carpal tunnel, and right shoulder," the ALJ's decision stated. "At the hearing, the claimant testified he is in constant pain that affects his ability to drive, use arm, drive, lift, walk, and use hands." AT 19.

At the April 2017 hearing, plaintiff testified that he had last worked as a heavy machine operator for a paving company, operating graders, excavators, and backhoes. AT 38-39; see AT 54. Prior that, he worked for fourteen years as an equipment operator for another company. AT 39. Plaintiff testified that he stopped working in 2009 due to a series of surgeries to address

4

medical issues: right and left carpal tunnel syndrome release in May and June 2009; rotator cuff repairs of the right shoulder in August 2009 and April 2010; and two more surgeries on the right shoulder in June 2012 and April 2014.  AT 39; see AT 19-20 (summarizing medical history). Plaintiff testified that he could drive up to 60 miles but had to switch hands on the steering wheel due to "trouble hanging onto the steering wheel with my right arm" because his hand went numb, and tendonitis in his left elbow.  AT 44-45.  He testified that he had to use both hands to steer and operate manual controls.  AT 48.  Plaintiff testified that he could do yard work for an hour but then needed an hour to recover, and that his ability to work with tools was limited due to a lack of strength in his hands and arm.  AT 47, 49.  Plaintiff stated that his right shoulder surgeries had not provided relief for his symptoms and that his back was in constant pain.  AT 47, 51.  He testified that the medication Norco gave him general relief from pain in the back, legs, and shoulders, but that he had trouble sleeping due to hand numbness and pain in his back, arm, elbow, and/or hand. AT 50-51.  He testified that he could sometimes walk up to a mile.  AT 51.  Plaintiff testified that he could not "keep his hand up long enough to type" for a desk job and could not reach high shelves in his home, though he could use the bottom shelf.  AT 48, 54.

The ALJ wrote that "the claimant's statements about the intensity, persistence, and limiting effects of his . . . symptoms . . . are inconsistent <u>because the claimant's longitudinal medical history is not consistent with his alleged disability</u>."  AT 19 (emphasis added).  The ALJ then summarized the objective medical evidence during the relevant period from February 2009 to December 2014, including plaintiff's complaints of numbness and tingling in the extremities; cervical MRIs showing "multilevel degenerative changes"; reports of shoulder pain and a clinical assessment of pain and decreased range of motion; carpal tunnel release surgery on both hands due to numbness of the hands; multiple surgeries on the right shoulder, resulting in some improvement to range of motion; and a 2015 MRI of the right shoulder.  AT 19-20.  The ALJ found that the MRI images were consistent with the shoulder limitation in the RFC.  AT 20.

The ALJ then proceeded to consider the medical opinion evidence, much of which "is related to [plaintiff's] Worker's Compensation claim, where the physicians focused on whether the claimant could return to his past work[.]"  AT 20.  The ALJ's decision acknowledged that

5

"since the Worker's Compensation claims have different rules and guidelines, . . . it is not clear whether the physicians also considered whether the claimant could perform any work in either national or regional economies." AT 20. The ALJ noted that two physicians who assessed plaintiff for Worker's Compensation purposes concluded that he was "employable" with certain limitations or "employable to light work." AT 20. The ALJ assigned various weights to the medical opinions in the record, but did not relate them back to plaintiff's testimony or explain how the credited opinions undercut plaintiff's statements about his symptoms. AT 20-21.

"In sum," the ALJ concluded, "the above residual functional capacity assessment is supported by the entire medical record <u>and inconsistent statements of the claimant through the evidence</u>." AT 21 (emphasis added).

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., <u>Saelee v. Chater</u>, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. <u>Albalos v. Sullivan</u>, 907 F.2d 871, 873-74 (9th Cir. 1990); <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See <u>id.</u> at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996); <u>see</u> generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. <u>Light v. Social Security Administration</u>, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek

treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

In Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015), the Ninth Circuit held that an ALJ's failure "to identify the testimony she found not credible" and "link that testimony to particular parts of the record supporting her non-credibility determination" was legal error. See also Treichler v. Comm'r of Soc. Sec., 775 F.3d 1090, 1102-1103 (9th Cir. 2014) (ALJ's failure to "specifically identify the testimony" he found not credible was error; boilerplate statement that symptoms were not credible to the extent they were inconsistent with the RFC was insufficient); Morsea v. Berryhill, 725 Fed. Appx. 463, 465 (9th Cir. Feb. 12, 2018) (unpublished) (ALJ "failed to identify the testimony from the claimant found not credible and explain what evidence undermined his testimony. Although the ALJ summarized claimant's testimony and also summarized the medical evidence in the record, the findings were general in nature, which is insufficient for an adverse credibility determination."), citing Treichler, 775 F.3d at 1102.

Here, the ALJ found that plaintiff's subjective statements about his symptoms were "inconsistent because the claimant's longitudinal medical history is not consistent with his alleged disability." AT 19. But "[a]n ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient[.]" Treichler, 775 F.3d at 1103 (internal quotations and citation omitted). "The ALJ must identify the testimony that was not credible, and specify what evidence undermines the claimant's complaints." Id., citing Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (internal quotations omitted). Here, the ALJ failed to specify which parts of plaintiff's testimony he deemed not credible, or supply clear and convincing reasons for discounting it.

7

The Treichler court continued:

> Nor is the error harmless. Because the ALJ set out his RFC and summarized the evidence supporting his determination, the government argues that we can reasonably infer that the ALJ rejected Treichler's testimony to the extent it conflicted with that medical evidence. But we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. [Citation omitted.] Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence. [Citation omitted.] No such reasoning is present here.

775 F.3d at 1103; see also Brown-Hunter, 806 F.3d at 494 (where ALJ "never identified which testimony she found not credible, and never explained which evidence contradicted that testimony," decision fails to meet ALJ's responsibility to provide reasons for her adverse determination); Powers v. Colvin, No. 1:15-cv-00077 EPG (E.D. Cal., Order dated June 21, 2016) (reversing and remanding for reassessment of claimant's credibility where ALJ failed to specify clear and convincing reasons to discount it).

The undersigned concludes that plaintiff is entitled to summary judgment on this claim.[2]

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

---

[2] These findings and recommendations do not reach the remaining claims.

8

403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether plaintiff was disabled during the relevant period. On remand, the ALJ is free to develop the record as needed, including asking a vocational expert hypothetical questions about available jobs based on a revised RFC. The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

Thus, the undersigned recommends that this matter be remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

IT IS HEREBY ORDERED that the Clerk of Court shall assign a district judge to this action.

For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) be granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) be denied; and

3. This matter be remanded for further proceedings consistent with these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 29, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/mauldin2858.ssi.ckd.cjra